## United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 00 C 767 | **DATE** | 8/5/2004 |
| **CASE TITLE** | In Re: Bank One Securities Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants Plaintiffs' motion to unseal the district court record and orders the record in this case to be unsealed. Defendant shall notify the OCC of this Court's ruling. This order is stayed with respect to those documents containing OCC-related information (Dkt. Nos. 152, 161, 180, 205, 215, 216, 217, 218, 219, 220 and 226) for fourteen days or until a decision on an objection, if any, to the district court has been decided.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 06 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8/5/2004 | |
| ✓ | Copy to judge/magistrate judge. | date mailed notice | |
| DK | courtroom deputy's initials | DK | |
| | | mailing deputy initials | |

**Document Number**

U.S. DISTRICT COURT CLERK

2004 AUG -5 PM 7:41

Date/time received in central Clerk's Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re BANK ONE SECURITIES | ) | Case No. 00 C 767 |
| LITIGATION, | ) | |
| | ) | Magistrate Judge Morton Denlow |
| First Chicago Shareholder Claims | ) | |

## MEMORANDUM OPINION AND ORDER

Throughout the history of this country, documents that at one point were classified because of their political significance and sensitivity have been disclosed because they have become politically stale yet remain historically significant. The same is true with regard to the documents in this case. At one point, the information contained in the documents that were sealed in this case was financially sensitive and proprietary. However, as a result of the significant events that have occurred during the years following the sealing of those documents, the reasons for keeping the documents under seal have disappeared, yet the documents remain historically significant for the purpose of this litigation. The time has come to unseal the documents in this case and to permit the public to enjoy the right of free access to which it is entitled.

This case comes before this Court on a motion by lead Plaintiff Naomi Bowell Trust on behalf of the First Chicago NBD Plaintiffs ("Plaintiffs") to unseal the district court record in this action against Bank One ("Defendant"), and other individual defendants. This motion presents the issue whether certain pleadings, motions, and attached exhibits that have been sealed by an agreed protective order should be unsealed to allow public access to materials filed with the district court and to give putative class members sufficient notice and

information under Federal Rule of Civil Procedure 23(c)(2) to appraise class claims and defenses. Defendant proposes that putative class members receive access to the record only after they sign a protective order. Plaintiffs claim that Defendant has not presented evidence to show "good cause" to keep the record sealed and that Defendant's solution is inconsistent with Rule 23 and the public's interest in access to court documents. For the following reasons, Plaintiffs' motion to unseal the district court record is granted.

## I. BACKGROUND FACTS

This case arises from the October 2, 1998 merger (the "Merger") between Defendant and First Chicago NBD. Plaintiffs allege Defendant violated federal securities laws by issuing a materially false and misleading Joint Proxy Statement and Prospectus in connection with the Merger. A previous opinion entered by this Court on July 31, 2002 details the background facts in this case. *See In re Bank One Secs. Litig., First Chicago Shareholder Claims*, 209 F.R.D. 418 (N.D. Ill. 2002). For the purpose of brevity, this opinion will discuss only the information relevant to the present issue.

The issue currently before this Court stems from a protective order entered on December 12, 2001. The order was agreed upon by the parties, governs all discovery material produced during the pretrial discovery stage of this action, and permits the producing party to designate as "Confidential" any material that:

> (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data, customer or vendor data, contracts and agreements with third parties, or technological data; and (b) is designated by a party in good faith as

confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7). Material produced by third parties may, at the option of that party, be deemed "Confidential" under the terms of this Protective Order.

Protective Order of Dec. 12, 2001, at 2. Additionally, the order provides that confidential information could be disclosed to the Court and its staff, as well as to "Qualified Persons," including parties and class representatives, when necessary to "aid in the prosecution, defense, or settlement" of this action. Under the order, such information would be made part of the public record only when authorized by the Court. Until then, "any person may seek to unseal any pleading or other court paper at any time upon motion to the Court." The order further provides:

> A party or other person objecting to the designation of Confidential Material shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith. . . . If such conference does not resolve the objection, . . . the designating person(s) may apply to the Court, by motion or petition, for a ruling that material designated by a party as Confidential shall be treated as provided in this Order or the Confidential designation shall lapse. The party that opposes the designation of the material as Confidential shall be given notice of the application and an opportunity to respond. Pending determination by the Court, material designated by a party as Confidential shall be treated as provided in this Order.

*Id.* ¶ 12, at 6-7.

Fact discovery in this case has ended, and the parties are proceeding on expert discovery. Plaintiffs' Amended Complaint, the Answers, several motions, briefs, and attached discovery currently remain sealed pursuant to the December 12, 2001 order.

Plaintiffs have informed Defendant of their intent to disseminate notice to the class members, and they have filed a motion to unseal the district court record to give class members an adequate opportunity to evaluate the action, as well as to afford public access to materials filed with the Court.

Defendant contends that no compelling reason exists to unseal the records, that the records contain trade secrets worthy of concealment, that Plaintiffs have violated the terms of the agreed protective order governing challenges to confidentiality, and that the matter should be resolved by permitting putative class members access to the court filings only if they first agree to abide by a protective order. Plaintiffs argue Defendant has not shown "good cause" to maintain the seal on the record pursuant to Federal Rule of Civil Procedure 26(c) and that Defendant's solution is inconsistent with Rule 23 and the public's interest in access to court documents.

On July 14, 2004, oral arguments were held with regard to the issue of "good cause." Prior to this event, the parties met to try to resolve their disagreements. As a result of the meeting, Defendant agreed to unseal much of the record. However, at oral argument Defendant argued that the documents remaining under seal contained confidential information that could compromise Defendant's marketplace position. Additionally, Defendant alleges the existence of a confidentiality requirement with regard to documents related to the Office of the Comptroller of the Currency ("OCC") that were produced during discovery. At the close of the oral argument, this Court issued a ruling from the bench that

unsealed all documents in the record except OCC-related documents, including those pleadings that reference the OCC or its involvement in the case, for which this Court reserved ruling.

Later that same day, a telephone conference call between this Court, Defendant, and Plaintiffs determined the necessity of an additional appearance by the parties before this Court to address the alleged confidentiality of the OCC-related documents. That appearance occurred on July 21, 2004 and resulted in this Court taking the matter under advisement. This opinion serves to elaborate upon the Court's rulings from the bench and to declare its determination of the confidential nature of the OCC-related documents.

## II. LEGAL STANDARD FOR ISSUING AND MAINTAINING A PROTECTIVE ORDER

There is a strong presumption toward public disclosure of court files and documents, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982), as the "public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding," *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). Public disclosure is justified further by the First Amendment. *Globe Newspaper Co.*, 457 U.S. at 603. However, Federal Rule of Civil Procedure 26(c) governs protective orders and allows court material to be sealed under certain circumstances. Rule 26(c) states in relevant part that, upon motion by a party or person from whom discovery is sought,

> for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense, including . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

Fed. R. Civ. P. 26(c).

As concealment from the public is disfavored, any "step that withdraws an element of the judicial process . . . requires rigorous justification." *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). The party seeking confidentiality has the burden of showing good cause for the protective order. Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *In re Matter of Cont'l Ill. Secs. Litig.*, 732 F.2d 1302, 1310 (7th Cir. 1984). Establishing good cause requires a party to present "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1984).

If good cause is shown, a court then must balance the public's interest in access to the record against the interest of the party seeking confidentiality to determine whether to seal the record. *In re Matter of Cont'l Ill. Secs. Litig.*, 732 F.2d at 1313. If there is any doubt as to whether the material should be sealed, it is resolved in favor of disclosure. *Id.*

Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). If a party does not show good cause to justify the ongoing concealment of certain information, the protective order may be dissolved or modified to unseal that information.

*Id.*; *see also Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854, 861 (7th Cir. 1994). If a party does identify specific genuine confidential material within documents concealed by the protective order, a court nevertheless may place the documents in the public record following redaction of the confidential material. *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).

## III. DISCUSSION

Under Federal Rule of Civil Procedure 23(c)(2), class members are entitled to "the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). Further, Rule 23 provides that the notice allows members to make a determination as to whether to opt out of the action:

> The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specific date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

*Id.*

Thus the notice should include the class claims and defenses, as well as indicate the nature of the class action. Plaintiffs in this case allege that proper notice is impossible so long as the current protective order remains in place with its current scope. However, the issue here is not whether the putative class members should receive all relevant information available in order to adequately assess the case, but rather whether the documents originally

filed under seal pursuant to the December 12, 2001 protective order were properly designated as confidential, and if so, whether good cause continues to exist to maintain the seal on each document. The documents under seal in this case fall into three general categories: (1) pleadings, briefs, memoranda, and motions; (2) discovery that is not related to the OCC; and (3) OCC-related discovery and references. This Court will address each category in turn.

## A. PLEADINGS, BRIEFS, MEMORANDA, AND MOTIONS GENERALLY SHOULD NOT BE SEALED.

The Seventh Circuit routinely discourages the sealing of entire pleadings and briefs. *See, e.g., Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). Finding that "such an extraordinary request requires an extraordinary justification," the Seventh Circuit has ruled that "holding trade secrets in confidence is one thing, holding entire judicial proceedings in confidence quite another." *Redmond*, 46 F.3d at 31.

To the extent that a pleading, motion, or brief contains confidential information, that information may be redacted. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Sullivan*, 91 F.3d at 1032. However, in the event a party does not show good cause to maintain the confidentiality of any part of the pleading, the entire document will be unsealed and no longer removed from public access. *Solaia Tech. LLC v. Arvinmeritor, Inc.*, No. 02 C 4704, 2004 WL 549449, at *3 (N.D. Ill. Jan. 28, 2004). The good cause determination is made regardless of technicalities, and, when satisfied,

protects only those portions of the document for which good cause has been shown. *Id.* at 2; *Sullivan*, 91 F.3d at 1032.

Defendant's first challenge to this motion to unseal, however, is a technical one based upon the procedures outlined in the protective order. The Court rejects this challenge. Specifically, Defendant argues that Plaintiffs did not follow the provision of the December 12, 2001 protective order governing challenges to confidentiality. However, this Court finds that such an argument is "immaterial to a determination of whether the information belongs in the public domain." *Solaia Tech. LLC*, 2004 WL 549449, at *2 (rejecting a defendant's technical challenge based on timeliness as irrelevant to a motion to unseal).

Currently, several entire pleadings are filed under seal in this case. If Defendant wishes to maintain confidentiality of any portion of these pleadings, briefs, or motions, Defendant must do more than defend on a procedural technicality arising from a protective order. Defendant must show, with specificity, genuine trade secrets or other confidential information within each of the documents it requests to remain under seal. Although entire pleadings, briefs, or court opinions should not be sealed, genuine trade secrets should be protected from disclosure. *Redmond*, 46 F.3d at 31. Whether the pleadings, motions, and briefs currently under seal in this case will remain sealed in their entirety or in redacted form turns on whether Defendant has shown that the information contained within the documents

was obtained from material acquired during discovery that includes information that has retained its confidential nature. Therefore, this Court now will discuss the confidentiality of the source documents from which Plaintiffs have derived the information in the pleadings.

## B. DEFENDANT HAS NOT MET THE BURDEN OF PROOF REQUIRED TO MAINTAIN THE SEAL ON GENERAL DISCOVERY.

Good cause for the issuance of a protective order can be demonstrated by the existence of a trade secret in the record. *Leavell*, 220 F.3d at 568. A trade secret is defined under the Illinois Trade Secret Act as:

> information, including but not limited to, technical or nontechnical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d). A court may order the protection of a trade secret provided that "the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party can challenge the secreting of particular documents." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946.

However, it is not enough that a party seeking the protection of an alleged trade secret simply states that a document contains a trade secret, as good cause does not permit "stereotyped and conclusory statements." *Bernard*, 452 U.S. at 102. Rather, a party must

attempt to "winnow out properly confidential information" in order to justify sealing and to show good cause. *Plair v. E.J. Brach & Sons, Inc.*, No. 94 C 244, 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996). Furthermore, a party claiming that injury will result from disclosure of certain information must provide support for such a statement. *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

When the party seeking confidentiality fails to meet its burdens, the court will unseal the contested material. For example, in *Plair v. E.J. Brach & Sons*, the plaintiff employee brought an action against his employer for discriminatory termination. 1996 WL 67975, at *1. An agreed protective order was entered during discovery. *Id.* The plaintiff alleged that the defendant abused the order by designating virtually all of the documents it produced as confidential. *Id.* Reasoning that protective orders must be narrowly tailored and that the defendant did not limit the confidential material to what was necessary under the existing order, the court granted in part the plaintiff's motion to modify the agreed protective order, effectively unsealing nearly all of the pleadings and the evidence. *Id.*

Similarly, in *Baxter International Inc. v. Abbott Laboratories*, the parties appealed the district court's decision to deny their joint motion to maintain documents under seal. 297 F.3d at 545. The motion stated that the parties "had agreed on secrecy, . . . but omitted details[, and] . . . did not attempt to separate genuinely secret documents from others." *Id.* In response, the district court denied the motion without prejudice. *Id.* at 546. The parties filed a renewed motion to place documents under seal, recognizing that most of the

documents could be revealed to the public without harm, but maintaining that some should remain confidential. *Id.* However, the defendant did not explain how disclosure could harm it but rather relied on the parties' agreement as the reason for maintaining confidentiality. *Id.* at 546-47. The appellate court denied the motion, reasoning that defendant asserted "a conclusion without the required reasoning" and therefore had "no prospect of success." *Id.* at 548.

The situations in *Plair* and in *Baxter International* are similar to the situation in this case. The parties in each instance agreed to a protective order for entry by the court. However, none of the parties made enough of an effort to protect solely confidential information, and therefore could not overcome the burden of showing good cause. Like the plaintiff in *Plair*, Plaintiffs in this case allege Defendant's designation of documents as confidential has been overly broad. Plaintiffs question whether Defendant reviewed the documents for confidential information that could harm Defendant's business, pointing out that Defendant designated as confidential every single document produced. Pl. Reply Memo. at 3. Plaintiffs' concerns were largely alleviated after Defendants agreed to unseal much of the previously protected record prior to oral argument. However, good cause must be shown to maintain the seal on the remaining documents.

Like the defendant in *Baxter International*, Defendant in this case did not explain adequately how disclosure of the sealed information could harm it but instead relied on the

fact that the parties agreed to the December 12, 2001 order, and uses that agreement as the justification for the sealing of the district court record:

> Plaintiffs bring this Motion and seek to completely vitiate the Stipulated Protective Order they agreed to over two years ago on behalf of themselves and the class. After having placed Defendant's confidential documents into the court's litigation files over a period of approximately two years, Plaintiffs here perform an about-face by now contending that many of the documents previously designated confidential should be unsealed for public view.

Def. Resp. to Mot. to Unseal, at 1.

In this case, Defendant merely alleges that "the filings at issue in Plaintiffs' Motion either attach or quote from hundreds of documents that have been properly deemed . . . confidential" because they contain either a trade secret or other confidential information pursuant to Federal Rule of Civil Procedure 26(c)(7). *Id.* at 5. Defendant further states that there is "good cause" to maintain confidentiality because Defendant will be "competitively disadvantaged" if the information is unsealed. *Id.* Defendant thus presents a "conclusion without the required reasoning" that will not pass muster under the good cause standard of Federal Rule of Civil Procedure 26(c)(7).

Defendant failed to justify properly the continued sealing of any portion of the district court record. At oral arguments, Defendant specifically referenced certain documents within the record, yet could not explain in adequate detail how the information contained within those documents was still sensitive and confidential, and thus validly sealed. For example, at oral argument Defendant specifically indicated that the first amended complaint (Dkt. No.

180) should remain under seal. Defendant argued that the industry itself maintains the confidentiality of the attrition rates such as the ones referenced within the documents. However, although the complaint and corresponding answers may or may not reference a trade secret, good cause was not shown as Defendant did not adequately specify how unsealing the document would harm Defendant in its current state.[1]

Defendant also argues that an exhibit consisting of meeting minutes is confidential simply because the information was conveyed during a board meeting, which traditionally is private, and thus should not be in the public domain. Although this Court recognizes that this information and other information within the district court record may have had some proprietary value worthy of protection years ago, Defendant fails to demonstrate that the information has any current significance worthy of protection. Therefore, in recognition of the heavy burden on Defendant to show good cause for the maintenance of the seal on the district court record and the fact that the information Defendant claims to be confidential is now stale, this Court grants Plaintiffs' motion to unseal all documents filed of record in this case that have not been identified by Defendant as containing OCC-related information.

## C.    OCC-RELATED INFORMATION IS UNSEALED.

Several of the pleadings and written discovery documents in this case contain references to the OCC or OCC-related issues, or were created in response to actions or

---

[1]The Court notes that, as of July 1, 2004, Bank One has merged into JP Morgan Chase, the surviving entity.

requirements of the OCC. Defendant maintains that this information is protected by the bank examination privilege and therefore the seal can not be removed. Defendant further argues that those documents the OCC agreed to produce were produced only for the purpose of the litigation and with the understanding that they would be protected from public scrutiny.

On the other hand, Plaintiffs allege that the OCC's production of these documents was a waiver of any privilege or duty of confidentiality that may apply and that any other OCC-related documents referenced in the complaint or otherwise spread of record in this case were obtained not from the OCC itself but rather from Bank One, First USA, or Arthur Andersen, that they do not fall under the bank examination privilege, and that without a showing of good cause should be removed from under seal. At issue are docket numbers 152, 161, 180, 205, 215, 216, 217, 218, 219, 220, and 226. The Court finds that all docket numbers and requested redacted portions thereof will be unsealed.

1.   **The OCC Waived the Bank Examination Privilege and Released the Banks from Their Duty of Confidentiality with Regard to Bank and Arthur Andersen Documents Created in Response to OCC Opinions or Recommendations and Produced in this Litigation.**

The bank examination privilege is "designed to promote the effective functioning of an agency by allowing the agency and the regulated banks the opportunity to be forthright in all communications." *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995). Only the agency itself can assert the bank examination privilege. *In re Bank One Secs. Litig., First Chicago Shareholder Claims*, 209 F.R.D. 418, 426 (N.D. Ill. 2002) [hereinafter *In re Bank*

*One*]. The privilege extends only as far as agency opinions and recommendations, and therefore any materials pertaining to "purely factual matters" fall outside the scope of the privilege and must be produced. *Id.* Bank responses to agency opinions and recommendations also may fall within the scope of the privilege. *In re Bankers Trust Co.*, 61 F.3d at 471. In addition, banks have a duty of confidentiality as to bank-created documents submitted to the OCC. *See* 12 C.F.R. § 4.37(b).

The bank examination privilege is not an absolute privilege and may be overridden where necessary to promote "the paramount interest of the Government in having justice done between litigants." *In re Subpoena upon the Comptroller of the Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). Although the regulatory agency has the burden of proving that the requested documents are protected, the party seeking to override the asserted privilege and to gain access to deliberative materials must demonstrate good cause for disclosure. *In re Bank One*, 209 F.R.D. at 427. The court then must balance the competing interests of the party seeking the document against those of the government, considering:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Schreiber v. Soc'y for Sav. Bancorp, Inc.*, 11 F.3d 217, 220-21 (D.C. Cir. 1993).

Following the entry of a protective order in this case on October 11, 2001, Plaintiffs and the OCC entered an agreed order by which the OCC waived the bank examination

privilege for documents created and produced by Arthur Andersen or the banks. In addition, in a July 3, 2002 letter to Plaintiffs' counsel, the OCC released the banks from their duty of confidentiality with regard to OCC-related material. The OCC further stated that it would produce three specific documents. Those documents are a December 13, 1999 OCC letter to John McCoy of Bank One, an OCC document dated December 16, 1999 entitled "Safety and Soundness Notice of Deficiency" addressed to the Board of Directors of First USA Bank, and a January 14, 2000 First USA Bank letter to the OCC enclosing a "Safety and Soundness Compliance Plan." Jul. 3, 2002 Letter to Pl. Counsel. Because First USA Bank asserted a privilege as to the Safety and Soundness Compliance Plan, the OCC did not produce it. Jul. 16, 2002 Letter to Pl. Counsel.

The OCC did not produce any other OCC-created documents. Therefore, for the purposes of this opinion, this Court assumes that all OCC information cited in the record originated either from bank or Arthur Andersen documents, the December 13, 1999 letter, or the Safety and Soundness Notice of Deficiency.

## 2. Exhibits B and E of Docket Number 152 Are Unsealed

Defendant maintains that exhibits B and E attached to Plaintiffs' June 21, 2002 reply brief in support of their motion to compel (Dkt. No. 152) should remain sealed. Exhibit B, entitled "Bank One Corporation Management Assessment Required by Section 112 of

FDICIA," is an Arthur Andersen produced[2] document responding to OCC concerns. Exhibit E is an Arthur Andersen produced memorandum that highlights OCC concerns and the effectiveness of Defendant's internal control structure. Because the OCC entered into an agreed order waiving the bank examination privilege with regard to OCC-related documents created by the banks or Arthur Andersen, and because the OCC released the banks from their duty of confidentiality, this Court orders the unsealing of exhibits B and E of docket number 152.

### 3. References to OCC-Related Material Shall Not Be Redacted

Defendant requests redaction of certain information in briefs at docket numbers 152 and 161, and in paragraphs 19, 176-178, 191, 197, 200-202, and 244 of the amended complaint at docket number 180, as well from the corresponding paragraphs in an additional amended complaint at docket number 205,[3] and answers at docket numbers 215, 216, 217, 218, 219, 220, and 226. This information falls within one of four categories consisting of OCC opinions and recommendations, OCC-related information obtained from documents created by Arthur Andersen or the banks, factual material from OCC-created documents, and

---

[2]It is unclear whether Bank One or Arthur Andersen created exhibits B and E at docket number 152.

[3]Plaintiffs filed an amended complaint (Dkt. No. 205) pursuant to this Court's order of May 8, 2003. Plaintiffs began numbering the paragraphs of the complaint at docket number 180 with the number seven, but altered the later complaint at docket number 205 to begin with paragraph one. The complaint at document number 205 is the one to which the answers were filed. Therefore, the corresponding paragraphs at docket numbers 205, 215, 216, 217, 218, 219, 220, and 226 are as follows: 13, 170-172, 185, 191, 194-196, and 238.

information repeated elsewhere in the document for which Defendant does not request redaction. Because only OCC opinions and recommendations may be redacted, this Court finds that only one full sentence and three sentence clauses identified by Defendant contain OCC opinions or recommendations, but should be unsealed regardless. Therefore, the Court orders the unsealing of the record in its entirety.

Defendant argues for the redaction of certain information from document number 161, as well as several paragraphs within the Plaintiffs' First Amended Consolidated Class Action Complaints (Dkt. Nos. 180, 204), and the corresponding answers (Dkt. Nos. 215, 216, 217, 218, 219, 220, and 226). Of the multiple redactions requested by the Defendant, the Court finds that only one sentence and three sentence clauses contain OCC opinions or recommendations.[4] However, because the paramount interest of the Government is to have justice done between litigants, *In re Subpoena upon the Comptroller of the Currency*, 967

---

[4]In the event this Court's decision is objected to and reversed, this Court will not quote the OCC opinions and recommendations in full. Instead, this Court identifies them as: (1) the first sentence of the first requested redaction in docket number 161 at page 4; (2) the portion of the second sentence following "occasioned the OCC to conclude," and preceding "and left the OCC with little alternative" in paragraph 200 of Plaintiffs' Complaint at docket number 180 and the corresponding clause in paragraph 194 of Plaintiffs' Complaint at docket number 205, as well as in the corresponding answers; (3) the second clause of the first paragraph in paragraph 177 of Plaintiffs' Complaint at docket number 180 and the corresponding clause in paragraph 171 Plaintiffs' Complaint at docket number 205, as well as in the corresponding answers; and (4) the first clause of paragraph 202 of Plaintiffs' Complaint at docket number 180 preceding "Bank One eventually appointed" and the corresponding clause in paragraph 196 of Plaintiffs' Complaint at docket number 205, as well as in the corresponding answers.

F.2d at 634, this Court finds that the privilege that exists over these snippets of information should be overridden in this case.

Next, Defendant argues that certain non-privileged information should be redacted from documents comprising the district court record. First, Defendant argues that OCC-related information obtained from certain documents that were not created by the OCC should be redacted. For example, Defendant argues that a reference in Plaintiff's June 21, 2001 brief to an internal Bank One Management Assessment addressing the OCC's concerns and directions to Defendant should be redacted. Dkt. No. 152, at 8-9. However, the assessment was created by Arthur Andersen, not the OCC. No duty of confidentiality or privilege applies because they have been released or waived, and thus the information will not be redacted. Therefore, to the extent that information does not come from an OCC-created document, it will not be redacted.

In addition, Defendant argues that the OCC has not waived the bank examination privilege with regard to OCC-created documents, and further argues for the redaction of certain references to material in OCC-created documents. However, the Court finds that most of the redacted material is purely factual and therefore the bank examination privilege does not apply. Therefore, to the extent that the references to OCC-created documents are purely factual, they will not be redacted. For example, Defendant argues that Plaintiffs' reference to the OCC's issuance of the Safety and Soundness Notice of Deficiency and a one million dollar fine to First USA Bank for violations of the Truth in Lending Act in paragraph

nineteen of the complaint at docket number 180 is privileged. However, this information is neither an opinion nor a recommendation and must not be redacted.

Finally, although Defendant argues that certain references to OCC-created documents should be redacted, Defendant does not attempt to redact the same references occurring in other portions of the same document. For example, Defendant maintains that Plaintiffs' disclosure of the OCC's assurances of confidentiality given to Defendant should be redacted on page four of docket number 161. However, the same information can be gathered from the footnote at the bottom of page four, as well as from the first paragraph on page five. Dkt. No. 161 at 4-5. Defendant did not request redaction of these portions of the brief. Because the burden is on Defendant to identify all confidential information that should remain under the protective order, *Rhinehart*, 467 U.S. at 37, this Court finds that to the extent that Defendant allows certain information to be unsealed, but argues for the redaction of the same information from other areas of the record, the information will not be redacted.

## IV. CONCLUSION

Taking into account the strong presumption toward openness and access to court records, the fact that previously sensitive and confidential information can become stale with time, Defendant's inability to show good cause for maintaining the seal on much of the district court record, the OCC's waiver of the bank examination privilege with regard to the OCC-related documents created by the banks and Arthur Andersen, the OCC's release of the banks' duty of confidentiality, and the Government's interest in having justice done between

litigants, **this Court grants Plaintiffs' motion to unseal the district court record and orders the record in this case to be unsealed.** Defendant shall notify the OCC of this Court's ruling. This order is stayed with respect to those documents containing OCC-related information (Dkt. Nos. 152, 161, 180, 205, 215, 216, 217, 218, 219, 220, and 226) for fourteen days or until a decision on an objection, if any, to the district court has been decided.

**SO ORDERED THIS 5th DAY OF AUGUST, 2004**

_Morton Denlow_

**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Elwood S. Simon
John Zuccarini
Lance Young
ELWOOD S. SIMON & ASSOCIATES, P.C.
355 South Old Woodward Ave., Suite 250
Birmingham, MI 48009

Arthur T. Susman
Charles R. Watkins
Matthew T. Heffner
SUSMAN & WATKINS
Two First National Plaza
20 South Clark Street, Suite 600
Chicago, IL 60603

Counsel for Plaintiff

Robert Y. Sperling
Ronald S. Betman
Marie A. Lona
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

Counsel for Defendant